**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, LLC, *et al.*,<br><br>                      Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,<br><br>                      Plaintiff,<br><br>vs.<br><br>RIVER PARISH CONTRACTORS, INC.,<br><br>                      Defendant. | Adv. Proc. No. 21-50225 (KBO)<br><br><br>JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR AVOIDANCE OF PREFERENTIAL TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547 & 550**

River Parish Contractors, Inc. ("Defendant") files the following Answer and Affirmative Defenses to the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 [Adv. Dkt. 1]* (the "Complaint"), of Plaintiff, George L. Miller (the "Plaintiff"), in his capacity as Chapter 7 trustee of Bayou Steel BD Holdings, L.L.C., *et al.*, (the "Debtors") in the above-captioned adversary proceeding and avers as follows:

**THE PARTIES**

Answering the specific allegation of the Complaint paragraph by paragraph, Defendant avers as follows:

        1.       Defendant admits the allegations contained in paragraph 1 of the Complaint.

        2.       Defendant admits the allegations contained in paragraph 2 of the Complaint.

        3.       Defendant admits the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Subject to the limitations set forth in paragraphs 5 to 8 below in this Answer, Defendant admits that the Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a) and 1334(a), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

5. With respect to Plaintiff's allegations in paragraph 5 of the Complaint about this matter being core, and the entry of final orders, the Defendant states through Defendant's undersigned counsel, pursuant to Local Bankruptcy Rule 7008-1, that Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, and the Defendant expressly reserves and asserts Defendant's right to a jury trial under the Seventh Amendment of the United States Constitution.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, and the Defendant expressly reserves and asserts the Defendant's right to a jury trial under the Seventh Amendment of the United States Constitution.

7. Subject to the limitations set forth in paragraphs 5 to 8 of this Answer, Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8. Subject to the limitations set forth in paragraphs 5 to 8 of this Answer, Defendant admits that this adversary proceeding was commenced pursuant to Rule 7001(a) of the Bankruptcy Rules and 11 U.S.C. §§ 547 and 550.

## FACTS

9. Defendant admits that prior to the Petition Date, the Debtors made certain payments to Defendant for services that Defendant provided to the Debtors that were documented in certain invoices or statements that Defendant submitted to the Debtors. With respect to the balance of the allegations set forth in paragraph 9 of the Complaint, Defendant submits that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically denies any and all allegations related thereto.

10. Defendant admits that during the 90 days prior to the Petition Date, it received $670,044.17 in Transfers. With respect to the balance of the allegations set forth in paragraph 10 of the Complaint, Defendant submits that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically denies any and all allegations related thereto.

11. Paragraph 11 sets forth a legal conclusion which requires no response. To the extent a response is required, the averments in paragraph 11 are denied except to admit that Defendant bears the burden of proof to establish any defenses under 11 U.S.C. § 547(c). With respect to the final sentence of paragraph 11 of the Complaint, Defendant submits that the advance demand letter referenced by the Plaintiff is the best evidence of the contents of that communication, and thus, generally and specifically denies any and all allegations related thereto.

## FIRST CLAIM FOR RELIEF
### (Recovery of Preferential Transfers -- 11 U.S.C. § 547)

12. Paragraph 12 of the Complaint merely incorporates by reference its preceding paragraphs. Thus, Defendant incorporates by reference its responses to all preceding paragraphs.

13. Defendant admits that Defendant received $670,044.17 from the Debtors during the ninety days prior to the Petition Date. Defendant denies the balance of allegations set forth in

paragraph 13 of the Complaint, and submits that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically denies any and all allegations related thereto.

14. Defendant lacks sufficient knowledge as to the truth of the matters set forth in paragraph 14 of the Complaint, and thus, generally and specifically denies the allegations therein.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits that it was a creditor of the Debtors at the time each of the Transfers was made. Defendant generally and specifically denies the balance of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 sets forth legal conclusions which require no response from Defendant. To the extent a response is deemed required, Defendant lacks sufficient knowledge as to the truth of the matters set forth in the first sentence of paragraph 18 of the Complaint, and thus, generally and specifically denies the allegations therein. With respect to the second sentence of paragraph 18 of the Complaint, the Defendant admits that there is a presumption of insolvency for debtors pursuant to 11 U.S.C. § 547(f).

19. Defendant denies the allegations contained in paragraph 19 of the Complaint, and submits that (i) the Plaintiff cannot satisfy all of the elements of 11 U.S.C. § 547(b), and (ii) defenses in 11 U.S.C. § 547(c), or defenses under other relevant law, are applicable and serve to preclude Plaintiff from recovering all or some of the Transfers referenced herein.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint, and further submits that it is shielded from preference liability under 11 U.S.C. § 547(c), or other applicable law, and therefore does not have to return the Transfers to the Debtors.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Property – 11 U.S.C. § 550)**

22.     Paragraph 22 of the Complaint merely incorporates by reference its preceding paragraphs. Thus, Defendant incorporates by reference its responses to all preceding paragraphs.

23.     Paragraph 23 of the Complaint asserts a conclusion of law to which no factual response is due. Nonetheless, Defendant generally and specifically denies the allegations contained in paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint asserts a conclusion of law to which no factual response is due. Nonetheless, Defendant generally and specifically denies the allegations contained in paragraph 24 of the Complaint.

**DEMAND FOR JURY TRIAL**

25.     Defendant hereby demands a trial by jury as to all issues so triable.

As to the unnumbered Paragraph beginning "**WHEREFORE**, Plaintiff prays for judgment as follows," and as to its subparagraphs lettered (a) through (c), Defendant denies that Plaintiff is entitled to the relief sought and denies any and all liability under any cause of action asserted by Plaintiff in the Complaint.

**GENERAL DENIAL**

26.     Defendant denies any allegations asserted in the Complaint that are not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Reserving its right to assert additional defenses as its investigation and discovery progress in this matter and without assuming the burden of proof or any other burden if such burden is otherwise on the Plaintiff, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

27. The Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

28. The Plaintiff cannot meet all elements of a *prima facie* case under 11 U.S.C. §§ 547 and 550.

## THIRD AFFIRMATIVE DEFENSE

29. At all relevant times, Debtors were solvent.

## FOURTH AFFIRMATIVE DEFENSE

30. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of the ordinary course of business defense pursuant to 11 U.S.C. § 547(c)(2).

## FIFTH AFFIRMATIVE DEFENSE

31. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, Plaintiff is barred from any recovery sought in the Complaint on the grounds that any and all payments made by the Debtors to Defendant constitute contemporaneous new value, and are excepted from avoidance under 11 U.S.C. § 547(c)(1).

## SIXTH AFFIRMATIVE DEFENSE

32. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, Defendant is entitled to a credit or reduction for subsequent new value provided pursuant to 11 U.S.C. § 547(c)(4).

**SEVENTH AFFIRMATIVE DEFENSE**

33. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, Defendant asserts that such alleged avoidable transfers are entitled to be offset pursuant to 11 U.S.C. § 553, and applicable state laws, and/or pursuant to the doctrine of defensive recoupment under applicable Federal and state law.

**EIGHTH AFFIRMATIVE DEFENSE**

34. Plaintiff's claims are foreclosed by the facts and circumstances surrounding the creditor-debtor relationship between Defendant and Debtors, wherein Defendant had a longstanding business relationship with the Debtors, providing services to Debtors over a span of nearly two decades prior to the Debtors' bankruptcy filing.

**NINTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are foreclosed by the facts and circumstances surrounding the creditor-debtor relationship between Defendant and Debtors, wherein Defendant remained a dutiful and loyal contractor to Debtors in the several months preceding the Debtors' bankruptcy by regularly extending trade credit to Debtors despite Debtors' well-known financial challenges and its mounting accounts payable to Defendant.

**TENTH AFFIRMATIVE DEFENSE**

36. Plaintiff is precluded from any recovery under the Complaint by virtue of the doctrines of waiver, estoppel, and unclean hands, *in pari delicto.*

**ELEVENTH AFFIRMATIVE DEFENSE**

37. The Debtors were conduits for the transferred funds at issue in the Complaint. Accordingly, the Defendant is not liable for any such transfers as preferences or fraudulent transfers.

## TWELTH AFFIRMATIVE DEFENSE

38. Plaintiff is precluded from any recovery under the Complaint to the extent that the funds used to pay Defendant were from third parties, not the Debtors. Accordingly, Plaintiff cannot satisfy his burden under 11 U.S.C. § 547(b) of proving that there was a transfer of an interest of the Debtors in property.

## THIRTEENTH AFFIRMATIVE DEFENSE

39. The funds used to pay Defendant were earmarked for such purpose by the third parties.

## RESERVATION OF RIGHTS

40. In addition to the foregoing Affirmative Defenses, Defendant alleges all legal and equitable defenses which may hereafter be discovered as allowed or outlined by Bankruptcy Rule 7008 and/or Rule 8(c) of the Federal Rules of Civil Procedure, and reserves all rights to amend Defendant's Answer to include any affirmative defenses and/or counterclaims as may be discovered.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint;
2. That the Complaint be dismissed with prejudice in its entirety;
3. For costs of suit and attorney's fees incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: May 4, 2021 | **HALLORAN FARKAS + KITTILA LLP** |
| | /s/ *James G. McMillan, III* |
| | James G. McMillan, III (DE Bar No. 3979) |
| | 5801 Kennett Pike, Suite C/D |
| | Wilmington, Delaware 19807 |
| | Phone: (302) 257-2103 |
| | Fax: (302) 257-2019 |
| | Email: tk@hfk.law |
| |        jm@hfk.law |
| | *Counsel for Defendant* |

OF COUNSEL:

Henry A. King (LA Bar #7393)
Robert J. Burvant (LA Bar #14119)
W. Spencer King (LA Bar #35863)
**KING & JURGENS, L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, LA  70170
Telephone:  (504) 582-3800
Fax:  (504) 582-1233
hking@kingjurgens.com
rburvant@kingjurgens.com
sking@kingjurgens.com